**In re Dennis Kent CASTELLO, Debtor.**

**Bankruptcy No. 388–04809–H13.**

United States Bankruptcy Court,
D. Oregon.

Feb. 27, 1991.

B. Gil Sharp, Hood River, Or., for creditor.

Todd Trierweiler, Portland, Or., for debtor.

Robert W. Myers, Portland, Or., trustee in Bankruptcy.

SUPPLEMENTAL OPINION

HENRY L. HESS, Jr., Chief Judge.

In this case this court entered an order confirming the debtor's Chapter 13 Plan. Thereafter the court entered its opinion, April 7, 1989, 98 B.R. 523 (Bankr.Or.1989) and an order of that same date overruling objections to confirmation. This latter order was appealed by a creditor, Terry J.

Serdy. The appeal was heard by the Bankruptcy Appellate Panel for the Ninth Circuit (BAP). The BAP entered its "Not For Publication" Memorandum on January 23, 1991 in which it determined that the order of confirmation be vacated and the appeal be remanded to this court for further proceedings in accordance with its memorandum 123 B.R. 466.

The BAP recognized that the issues in this matter were determined upon agreed facts noted in this court's opinion of April 7, 1989. The BAP Memorandum does not suggest that further evidence should be required or that any of the legal tests used in finding that the plan was in good faith were in error. The BAP merely questions whether or not this court inappropriately placed the confirmation burden on the creditor to show "bad faith", instead of on the debtor to show "good faith". This concern arose because this court's opinion contained the statement "the creditor must muster some other evidence of bad faith". This quoted statement is a paraphrase of a statement made by the Ninth Circuit Court of Appeals in the case of *In re Goeb*, 675 F.2d 1386 (9th Cir.1982) in which the court stated on page 1391: "Unless the court can muster other evidence of bad faith on remand, it must confirm the Goeb's proposed plan."

■ This court recognizes that a debtor in Chapter 13 has the burden of showing that the plan is in "good faith" and that it is not the burden of a creditor to show "bad faith". But this does not mean that the court must consider evidence not presented by the parties or that the debtor must present evidence to disprove a negative by anticipating arguments which might be, but have not been made, by the creditor.

■ In this case, as stated in the opinion of April 7, 1989, the creditor pointed to three matters which he contended indicated bad faith. The court considered those three matters in light of the agreed facts and found that none of those matters evidenced bad faith. In the absence of any suggestion, let alone any evidence, that a plan is in bad faith, the debtor's burden to show good faith is fulfilled by the filing of a Chapter 13 Statement under oath and the filing of a plan which, on its face, considering the facts shown in the Chapter 13 Statement, appears to comply with the provisions of §§ 1322 and 1325. There is no need for the debtor to present other evidence of good faith. The BAP in *In re Warren*, 89 B.R. 87 (9th Cir. BAP 1988) recognized that the court may find that a plan was filed in good faith without receiving evidence. Bankruptcy Rule 3020(b)(2) provides that "If no objection is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues." As a logical corollary, if objections are timely filed, the court need only consider evidence relevant to the grounds asserted in the objections.

■ In this case, since the evidence presented did not support any of the grounds of objection to confirmation, the court found and does find that the debtor has sustained his burden in showing good faith.

An order will be entered herein reinstating the order of confirmation retroactive to December 30, 1988, the date of the order of confirmation.